IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRON WORKERS' MID-AMERICA PENSION PLAN, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| vs. | ) ) | NO. 08 C 240 |
| BV AND ASSOCIATES, INC., a Michigan corporation, d/b/a | ) ) ) | JUDGE HIBBLER |
| CLEARVISIONS, INCORPORATED, an Illinois corporation, | ) ) ) | MAGISTRATE JUDGE ASHMAN |
| Defendant. | ) ) | |

## CONSENT DECREE

THIS MATTER, coming on to be heard upon Complaint of Plaintiffs, IRON WORKERS' MID-AMERICA PENSION PLAN, *et al.* (hereafter referred to as the "Funds") and Defendant, CLEARVISIONS, INCORPORATED (hereafter referred to as "Clearvisions"), having been served with a Summons and Complaint, the parties have reached a compromise and consent to the entry of this Consent Decree and the Court being fully advised in the premises, enters the following findings and Consent Decree:

1. This Court has jurisdiction over the subject matter herein and the parties to this Consent Decree.

2. Plaintiffs agree that for the limited and specific purpose of settlement of this litigation, BV and Associates, Inc., a Michigan corporation, and Clearvisions, Incorporated, an Illinois corporation, are separate entities.

3. Plaintiffs are fiduciaries within the meaning of ERISA, administered within this district. Clearvisions is bound to the terms of a Collective Bargaining Agreement with the Architectural and Ornamental Iron Workers Union Local #63, AFL-CIO, and incorporated Trust Agreements that govern the Funds.

4. Pursuant to the terms of the governing Collective Bargaining Agreement and Trust Agreements, Clearvisions is obligated to submit monthly reports and benefit contributions to the Funds by the 15th day of the month following the month in which its employees performed work covered by the Collective Bargaining Agreement.

5. Pursuant to the governing Collective Bargaining Agreement and Trust Agreements, and Section 502(g) of ERISA, 29 U.S.C. §1132 (g), the Funds are entitled to recover the costs and expenses of the Trustees to the Funds, including liquidated damages, interest, attorneys' fees, and court costs expended in this matter.

6. Based on a benefit report that Clearvisions submitted to the Funds for the month of September 2007, $1,023.84 in contributions and $46.08 in liquidated damages are due to the Funds.

7. It was necessary for the Funds to file suit against Clearvisions to collect the contributions and as a result, the Funds seek payment of $767.25 for attorneys' fees and costs incurred to pursue their claims against Clearvisions.

8. For the purpose of resolving this matter, the Funds have agreed to provide Clearvisions with a payment schedule to pay the balance due to the Funds. The payment schedule includes interest assessed at an annual rate of eight and one quarter (8.25%) percent on the declining balance, resulting in an additional payment of $20.19 in interest.

9.  Clearvisions and Robert K. Voigt, in his individual capacity, agree to pay to the Funds a total of $1,857.36, according to the following payment schedule:

|   | Date Due | Amount Due |
|---|---|---|
| 1 | February 12, 2008 | $600.00 |
| 2 | February 25 2008 | $317.50 |
| 3 | March 25, 2008 | $317.50 |
| 4 | April 25, 2008 | $317.50 |
| 5 | May 25, 2008 | $304.86 |

Payments shall be made by check payable to the **Iron Workers' Mid-America Pension Fund** and sent to Funds' counsel, Baum Sigman Auerbach & Neuman, Ltd., 200 W. Adams St., Suite 2200, Chicago, IL 60606, so that Funds' counsel receives such payment by the indicated due date.

10.  Clearvisions and Robert K. Voigt, in his individual capacity, agree that Clearvisions must remain current with respect to its submission of monthly reports and fringe benefit contributions that may accrue throughout the period of the above payment schedule.

11.  In the event that Clearvisions fails to timely submit the payments as agreed in Paragraph 8, or fails to submit current reports and contributions as they become due through May 31, 2008, Clearvisions and Robert K. Voigt, in his individual capacity, agree that they shall be considered in violation of this Consent Decree. In such event, Clearvisions and Robert K. Voigt consent to the entry of judgment against Clearvisions and Robert K. Voigt, in his individual capacity, for (a) all unpaid installments due under paragraph 9; (b) all unpaid contributions and liquidated damages that accrue through May 31, 2008; and, (c) all reasonable attorneys' fees and costs that the Funds incur through the date of entry of such judgment, excluding those indicated in paragraph 7 above.

12.　It is further understood and acknowledged between the parties that nothing contained herein limits or modifies the right of the Funds to audit the payroll books of the Clearvisions at such future time, as in the course of their regular audit program such an audit may be requested, nor do the terms of this Consent Decree limit or modify the Funds' right to recover from Clearvisions any additional contributions or liquidated damages which may become due or which may be found to have been due, as a result of such an audit for any time period not previously audited.

**IT IS, THEREFORE ORDERED, ADJUDGED AND DECREED:**

A.　That Plaintiffs recover from Defendant and Robert K. Voigt, an individual, a total of $1,857.36;

B.　That Defendant must timely submit its regular benefit reports and contributions to the Funds as required by the governing Collective Bargaining Agreement and related Trust Agreements that govern the Funds;

C.　That in the event Defendant violates the terms of the Consent Decree, Plaintiffs are entitled to judgment for all unpaid installments due under the payment schedule in paragraph 9 above, plus all unpaid contributions and liquidated damages that accrue through May 31, 2008, and all reasonable attorneys' fees that the Plaintiffs incur through the date of entry of such judgment, against the Defendant and Robert K. Voigt, in his individual capacity; and,

[The remainder of this page was intentionally left blank.]

D.  This Court retains jurisdiction of this cause and all the parties hereto for the purpose of enforcing this Order.

ENTER:

DATE: 2/22/08

_____
Wm. J. Hibbler
UNITED STATES DISTRICT JUDGE

**WE HEREBY AGREE TO THE ENTRY OF THIS CONSENT DECREE.**

Date: 2/20/08

_____
Beverly P. Alfon
One of the Attorneys for the Iron Workers'
 Mid-America Pension Fund and SMA Fund
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606
Telephone: (312) 236-4316

Date: 2/15/08

_____
Christopher M. Goodsnyder
Attorney for Clearvisions, Incorporated
PERL & GOODSNYDER, LTD.
14 North Peoria Street, Suite 2-C
Chicago IL 60607
Telephone (312) 243-4500

Date: 2-11-08

_____
Robert K. Voigt, in his individual capacity
151 W. Michigan Ave., Suite 200
Marshall, MI 49068

I:\MIDJ\Clear Visions\consent decree.bpa.wpd